1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT,

Plaintiff,

v.

SAN DIEGO BOARD OF
SUPERVISORS, COUNTY OF SAN
DIEGO, DAWN BALERIO DDA
ACTING IN HIS OFFICIAL
CAPACITY, AND DAI LUIS PENA
ACTING IN HER OFFICIAL
CAPACITY,

Defendants.

Case No.:  24-cv-00671

**ORDER GRANTING IFP,
SCREENING COMPLAINT,
DENYING MOTION FOR
MISCELLANEOUS RELIEF, &
ORDERING MARSHAL SERVICE**

On April 12, 2024, *pro se* Plaintiff Robert Emert filed a complaint alleging that Defendants violated his constitutional rights and state law in conducting his arrest and denying him bail.  Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP").  Dkt. 2.  On August 5, 2024, Plaintiff filed an amended motion for IFP, Dkt. 3, and a motion for miscellaneous relief including consolidated expedited review by a single three-judge panel, pre-discovery, an evidentiary hearing, and an early case management conference, Dkt. 4.  For the reasons set forth below, the Court grants

1

24-cv-00671

Plaintiff's motion for IFP, permits his complaint to proceed, and denies his motions for miscellaneous relief.

## I. DISCUSSION

### A. Motion to Proceed IFP

Plaintiff has not prepaid the civil filing fee and instead has requested to proceed IFP. Dkts. 2, 3. A claimant instituting a case in a federal district court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Local Civ. R. 4.5. However, a district court may waive the filing fee by granting the claimant leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a claimant must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. An affidavit is "sufficient where it alleges that the plaintiff cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No. 19-1812, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

In support of his IFP motion, Plaintiff has filed an affidavit explaining his financial circumstances and inability to pay. Dkts. 2, 3. He indicates that he has no source of income nor any assets and that he relies on his family to provide his housing and basic living expenses. *Id.* Lastly, Plaintiff attests that he receives public benefits, including MediCal and SNAP. *Id.* Accordingly, the Court finds that the affidavit has "sufficiently show[n] that he lacks the financial resources to pay filing fees." *Dillard v. So*, No. 12-2958, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013). Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### B. *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is granted leave to proceed IFP, his complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by

1    the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may

2    be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C.

3    § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of

4    28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). After screening his complaint,

5    the Court finds that Plaintiff has met the low threshold requirement for pleading various

6    constitutional violations and related state law claims and thus, may proceed in this matter.

7    *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (establishing that a *pro se*

8    litigant need only satisfy a "low threshold" to "proceed past the screening stage") (internal

9    citation and quotation marks omitted).

10   **C. Other Motions**

11          Plaintiff has also filed a motion for "consolidated expedited review by a single three-

12   judge panel, pre-discovery, evidentiary hearing, and early case management."  Dkt. 4.

13   However, these are all separate requests that the Court will address in turn.

14      1. Plaintiff wishes to consolidate this case with his other case, *Emert v. Schuck et al.*,

15         24-cv-00002-AGS-AHG.  However, this request is DENIED as moot given that this

16         other case has already been closed.

17      2. Plaintiff's other requests are denied for lack of good cause.

18                                   **II. CONCLUSION**

19          For the reasons explained above, the Court GRANTS Plaintiff's IFP motion [Dkts.

20   2, 3], PERMITS Plaintiff's complaint to proceed, and DENIES Plaintiff's motion for

21   miscellaneous relief [Dkt. 4].

22          In addition, the Court:

23      1. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Complaint

24         (ECF No. 1) upon Defendants and to forward it to Plaintiff along with a blank U.S.

25         Marshal Form 285 for the named Defendants.  In addition, the Clerk will provide

26         Plaintiff with certified copies of this Order, his Complaint, and the summons

27         (together, the "IFP Package") so that he may serve Defendants.  Upon receipt of this

28         "IFP Package," Plaintiff must complete the USM Form 285 as completely and

24-cv-00671

accurately as possible, *include addresses where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides.

2. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants San Diego Board of Supervisors, County of San Diego, Dawn Balerio, and Dai Luis as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon Defendants with the Clerk of Court as soon as possible after its return.  Should Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to Defendants, and indicate why service upon the party remains unexecuted.  All costs of that service will be advanced by the United States; however, *if Defendants are located within the United States and fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendants any expenses later incurred in making personal service.  See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint, *and any subsequent pleading he may file in this matter in which they are named as parties,* within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

**IT IS SO ORDERED**.

Dated:  October 21, 2024

Hon. Jinsook Ohta
United States District Judge

24-cv-00671