ROBERT EMERT

Respondent, In Pro Per

2351 VISTA LAGO TERRACE

ESCONDIDO, CA 92029

TELEPHONE: 760-612-9328

robemert@msn.com



**FILED**

FEB 1 0 2025

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Robert Emert;

        Petitioner,

    v.

SAN DIEGO BOARD OF
SUPERVISORS, et al

        Defendant(s).

Case No. 3:24-cv-00671-JO-BJC

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
UNDER THE ADA AND FRCP 6(b)(1)(B) AND LEAVE
TO AMEND COMPLAINT**

## I. INTRODUCTION

Plaintiff Robert Emert respectfully moves this Court for an extension of time to file opposition to Defendants' Motion to Dismiss and for leave to amend the complaint. This motion is based on multiple compelling grounds: (1) medical emergency and disability requiring accommodation under the Americans with Disabilities Act; (2) excusable neglect under FRCP 6(b)(1)(B); (3) pending Ninth Circuit consolidation motion; (4) need to present comprehensive evidence of systematic constitutional violations; and (5) jurisdictional defect underlying all related cases.

## II. FACTUAL BACKGROUND

A. Medical Emergency and Disability

On December 10, 2024, Plaintiff suffered a STEMI heart attack requiring emergency angioplasty dual stenting of the left artery. This recent medical crisis follows a previous heart attack on September 30, 2021 with emergency angioplasty of the LAD/right artery, establishing a pattern of serious cardiac issues requiring accommodation. The impact of this most recent medical emergency has significantly impaired Plaintiff's ability to meet current deadlines, particularly the February 13, 2025 opposition deadline and relief to amend complaint.

B. Related Cases and Pending Consolidation

This case is one of several related matters pending before various courts, all stemming from the same foundational jurisdictional defect: void orders resulting from Commissioner Ratekin's improper denial of a peremptory challenge. A motion to consolidate these related cases is currently pending before the Ninth Circuit. Recent evidence, including recorded statements from

District Attorney Investigator Luis Pena admitting retaliatory prosecution, demonstrates the need for comprehensive review of systematic constitutional violations. This is in a recorded call that has never been listened to by any court!

## III. LEGAL ARGUMENT

### A. Extension Warranted Under the ADA and FRCP 6(b)(1)(B)

The Americans with Disabilities Act (42 USC 12101 et seq.) requires reasonable accommodations to ensure full and effective participation in court proceedings. Plaintiff's recent STEMI heart attack qualifies as a disability requiring accommodation under both temporary and permanent disability standards established by the Ninth Circuit.

Plaintiff's medical condition falls squarely within ADA protection, requiring accommodations to ensure meaningful access to court proceedings. The requested extension represents a reasonable accommodation that would not fundamentally alter court procedures while ensuring Plaintiff's right to participate effectively in his case.

Moreover, FRCP 6(b)(1)(B) permits extension of time after a deadline expires upon showing "excusable neglect." The Supreme Court has established that excusable neglect includes situations beyond a party's reasonable control, particularly medical emergencies. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).

Courts evaluate four factors when considering excusable neglect:

- Danger of prejudice to opposing party
- Length of delay and impact on proceedings
- Reason for delay
- Whether party acted in good faith

Here, all factors favor granting an extension:

- No prejudice to Defendants given pending consolidation
- Reasonable delay given medical emergency
- Clear documentation of heart attack

- Plaintiff acting diligently once able

**B. Jurisdictional Defect Underlies All Related Cases**

As a critical matter bearing on all aspects of this litigation, Commissioner Ratekin's improper denial of Plaintiff's CCP §170.6 peremptory challenge created a structural defect rendering all subsequent orders void ab initio. (People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993); Estate of Eskra, 51 Cal.3d 943 (1991)). Under controlling California law, such improper denial nullifies all later rulings, even where initial stipulation existed. (Stephens v. Superior Court, 30 Cal.4th 1082 (2002); In re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986)).

This jurisdictional defect underlies and connects the various related cases pending before state and federal courts. Recent admissions by DA Investigator Luis Pena of retaliatory prosecution further evince the systemic constitutional issues stemming from these void orders. Granting an extension to allow Plaintiff to fully present this jurisdictional challenge in an amended complaint, and to seek consolidation of related cases, would promote judicial economy and secure just, speedy, and inexpensive determination of this foundational issue.

Crucially, Plaintiff seeks leave to amend not only to present this jurisdictional defect comprehensively but also to move for summary judgment on this dispositive issue. If Commissioner Ratekin's orders are indeed void ab initio, this would render moot most other issues in the case, as the court would lack jurisdiction over the criminal charges against Plaintiff. Granting leave to amend to seek summary judgment on this threshold legal question would thus promote efficiency and conserve judicial resources by potentially narrowing or eliminating the need to litigate other matters.

The interests of fairness and efficiency support addressing this jurisdictional question before advancing to dismissal proceedings. Allowing Plaintiff to seek summary judgment on this foundational issue through an amended complaint would secure the just, speedy, and inexpensive determination of this action as required by FRCP 1.


**C. Amendment of Complaint Warranted**

The February 3rd deadline for amending as of right should be equitably tolled due to Plaintiff's documented medical emergency. Even absent tolling, amendment should be permitted under FRCP 15(a)(2)'s directive that "court should freely give leave when justice so requires."

Amendment would allow:

- Consolidation of related claims
- Incorporation of new evidence
- Comprehensive presentation of constitutional violations
- Efficient resolution of systematic issues

## IV. RELIEF REQUESTED

Plaintiff respectfully requests:

- 60-day extension for filing opposition to Motion to Dismiss
- Leave to file amended complaint
- Stay pending Ninth Circuit consolidation decision
- Scheduling of evidentiary hearing

**I will submit my medical documentation upon court request and submitted under cover.**

### Executive Summary

This case represents a manifest injustice resulting from a series of legal proceedings that can only be described as a farce and a sham. The root of this injustice lies in the collusion between Commissioner Ratekin, opposing counsel Dave Schulman and Sara Bear, and minor's counsel Matt Cord, who conspired to place Plaintiff's son in a "facility" for their own profit, divorce leverage, and cronyism. The fact that the supervising judge's wife is friends and coworkers with Plaintiff's ex-wife, and that the next supervising judge was a founding member of Dave Schulman's law firm, underscores the egregious lack of fairness and impartiality in these proceedings.

This case bears striking similarities to the well-known "Kids for Cash" scandal, in which a judge, recently pardoned by President Joe Biden, profited from illegally placing children in "facilities." When Plaintiff stood up to these corrupt actors and exposed their scam, he was subjected to relentless persecution by the family court, leading to a near-fatal heart attack as they attempted to institutionalize his son.

In a further abuse of power, Dave Schulman leveraged his extensive contacts within the District Attorney's office to initiate a baseless criminal prosecution against Plaintiff. Even the DA's own investigator, Luis Pena, admitted that the DA should never have taken the case and that Plaintiff would prevail if it went to trial. However, in a shocking turn of events, Investigator Pena later lied on his arrest warrant and probable cause declaration, pretending he had never made these statements to Plaintiff. Fortunately, Plaintiff possesses a recording that exposes this deception.

Plaintiff's attempts to seek justice in federal court have been met with systematic denial, as his cases are dismissed without even the benefit of an evidentiary hearing. In a transparent attempt to prevent appellate review, the district court has now resorted to denying Plaintiff's fee waiver status, enabling the circuit court to easily dismiss his case on procedural grounds, without regard for its merits. It is worth noting that the head judge of the district court of Southern California is married to the head DA in San Diego California, further underlining the pervasive conflict of interest and potential corruption at play.

Given the overwhelming evidence of judicial misconduct, collusion, and public corruption, Plaintiff will be submitting his complaint to the Federal Judiciary for review, as well as to the newly formed DOGE and the Federal Department of Justice. The facts of this case, supported by irrefutable proof that the courts have thus far refused to consider, demand a thorough investigation and the pursuit of justice.

The attached Exhibit A, a notice of recusal filed against Judge Robinson on May 28, 2024, provides a concise summary of the numerous due process violations and instances of judicial misconduct that have plagued these proceedings. The recusal notice details the actions of Commissioner Ratekin, Judge Alksne, and Judge Robinson, which have collectively resulted in a manifest injustice and a mockery of the legal system.

The recusal notice highlights several key issues, including:

1. Commissioner Ratekin's improper denial of Plaintiff's peremptory challenge and her attempts to place Plaintiff's son in a "facility" without evidence or due process.
2. Judge Alksne's denial of Plaintiff's access to hearings and trial following his heart attack, as well as her refusal to grant reasonable accommodations under the ADA.
3. Judge Robinson's failure to address the prior misconduct and her misapplication of legal standards, resulting in further denial of due process.

The notice also emphasizes the connections between the judges involved and opposing counsel, as well as the retaliatory actions taken against Plaintiff for exposing corruption within the system.

By including this recusal notice as Exhibit A, Plaintiff aims to provide the court with a clear and concise overview of the systemic issues that have deprived him of his fundamental rights and to underscore the urgent need for judicial intervention and rectification of these egregious violations of due process.

Due to the Southern California District Courts recent revocation of my fee waiver status that has procedurally hampered 9th circuit court review, I have included an additional filings listed as exhibits B which the Circuit Court has procedurally refused to review due to the Districts Courts revocation of IFP status. Exhibit B is submission to the 9th circuit court regarding the jurisdictional defect that renders most issues in all related cases mute.

VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be. Dated 2/10/25

*Rob Emert*

Rob Emert
2351 Vista Lago Terrace
Escondido California 92029
robemert@msn.com
(760) 612-9328

ELECTRONIC SERVICE

I, Rob Emert certify that on 02/10/25, I served: PLAINTIFF'S MOTION FOR EXTENSION OF TIME UNDER THE ADA AND FRCP 6(b)(1)(B) AND LEAVE TO AMEND COMPLAINT by email to:

Austin.Uhler@sdcounty.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 02/10/25

Rob Emert