**EXHIBIT A**

**RECUSAL REQUEST**

ROBERT EMERT

2351 VISTA LAGO TERRACE

ESCONDIDO, CA 92029

760-612-9328

robemert@msn.com

F I L E D
Clerk of the Superior Court

MAY 2 8 2024

By: I. Barnes, Deputy

## SAN DIEGO SUPERIOR COURT OF CALIFORNIA
## CENTRAL DIVISION

| | |
|---|---|
| ANDREA SCHUCK,<br><br>    PLAINTIFF,<br><br>vs.<br><br>ROB EMERT,<br><br>    respondent | 19FL010852N – family court<br><br>Notice of Recusal of Judge Robinson;<br><br>CCP 170.1 and 170.3<br><br>Disqualification Notice of No Confidence<br><br>170.3(c)(6) – Evidentiary hearing request.<br><br>Judge Robinson |

I am raising this objection and motion for recusal of Judge Robinson under CCP 170.1 and 170.3 because there has been an absolute breakdown in due process and the administration of justice in this case attributable to actions taken by Judge Robinson, as well as the previous judges overseeing my divorce and custody matters that Judge Robinson refuses to acknowledge. In addition, I am requesting an evidentiary hearing for this motion under 170.3(c)(6). A Federal Lawsuit has been filed concurrently regarding the ADA violations committed by Judge Robinson with an injunction request to the U.S. District Court of Southern California. That lawsuit will be served with this recusal motion. In that lawsuit, I also request the Federal District Court to issue a temporary restraining order enjoining the San Diego Superior Court from engaging in retaliatory actions against me, such as attempting to declare me a "vexatious litigant" without an evidentiary hearing in response to me simply trying to exhaust my state remedies and enforce my rights under the ADA.

The ongoing denial of my reasonable accommodation request by the San Diego Superior Court, as detailed in my federal lawsuit filed on 05/28/24, constitutes a clear violation of my rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq. The Superior Court's actions have denied me equal access to the court's services, programs, and activities, as prohibited by 42 U.S.C. § 12132.

Specifically, I have repeatedly requested the accommodation of remote participation in court proceedings due to my well-documented medical conditions (see Exhibit A of the federal complaint). The Superior Court's denial of this request, most recently on May 20, 2024 (Exhibit A), directly contravenes the ADA's mandate for public entities to provide reasonable accommodations to individuals with disabilities.

Relevant case law, such as Tennessee v. Lane, 541 U.S. 509 (2004), and Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), firmly establishes that Title II of the ADA applies to state court proceedings and that public entities must provide reasonable accommodations to ensure equal access to the courts for individuals with disabilities.

The Superior Court's failure to comply with the ADA has resulted in irreparable harm, including the loss of my fundamental rights as a parent and litigant, through default judgments entered against me without a fair opportunity to be heard. The balance of equities and the public interest strongly favor granting injunctive relief to ensure compliance with the ADA and to protect the rights of individuals with disabilities.

Judge Robinson's continued involvement in my cases, despite the clear ADA violation and its detrimental impact on my ability to participate in the proceedings, raises serious concerns about bias and the appearance of impropriety. A judge who knowingly allows

such a violation to persist, even after being presented with compelling evidence and legal authority, cannot be considered impartial.

Moreover, case law demonstrates that when a plaintiff is denied equal access to the courts due to an ADA violation, the decision of the lower court should be overturned (see Popovich v. Cuyahoga County Court of Common Pleas, 276 F.3d 808 (6th Cir. 2002); Chisolm v. McManimon, 275 F.3d 315 (3d Cir. 2001); and Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001)). Judge Robinson's failure to address and rectify this clear ADA violation undermines the integrity of the judicial process and warrants her recusal.

In light of the ongoing ADA violation, its severe impact on my rights, and Judge Robinson's apparent disregard for the law and the principles of impartiality, I respectfully request that Judge Robinson recuse herself from all matters involving me. The federal lawsuit and the supporting exhibits provide compelling evidence of the ADA violation and its consequences, underscoring the urgent need for Judge Robinson's recusal to ensure a fair and unbiased judicial process.

On 05/20/24 Judge Robinson went against the ADA rules and denied my simple disability accommodation request. Judge Robinson has gone against the rules of court and ADA in denying me this basic right and accommodation under the ADA so I have filed a federal injunction to force the state court to follow the basic law of the land. I have easily exhausted my state remedies regarding this basic ADA matter. I have also filed/served with the Attorney General of California under title 18 U.S.C 241 and 242 criminal conspiracy allegations. The state courts need to stop snatching children from parents with zero clear and convincing evidence of unfitness to do so. The United States Supreme Court says you can't. I am a dedicated and loving father who has not seen his kids in over two years. Great job family divorce court industry of San Diego! Keep up the fantastic work tearing children away from loving parents for profit, divorce leverage and cronyism.

This court case gone off its rails could have been settled so easily if Dave Schulman did not act in such an unethical and criminal manner. My now almost 14 year old daughter simply wanted to be at her moms house a bit more during the divorce and I said of course, not an issue. My now almost 17 year old son asked for the same loving courtesy. Understanding that I was the one who tutored him for most of his life and he was emotionally coming undone during that time begging to be with me, you would think a loving parent would simply say, of course, go to your dads to get homework help or whatever. Ms. Schucks blind resentment was fueled by Dave Schulman and he and others have committed fraud upon the court where I have filed a criminal affidavit for criminal conspiracy under title 18

U.S.C. 241 and 242 against Dave Schulman, Patti Ratekin, Sara Bear, Matt Cord, Catie Young, Jesse Olague, Alana Robinson and Andrea Schuck. This has been served on the Attorney General of California and I will continue to follow up with the FBI public corruption unit with my evidence. There is an audio recording of the San Diego District Attorney Investigator telling me that most of this mess was caused by me "pissing off" the wrong people and that I had every right to protect and hold on to my son and that my sons attorney, Matt Cord, had simply aligned with Dave Schulman and NOT in my sons best interests and they were trying to put something together against me. There is an audio recording of this that can't be disputed.

Pursuant to California Code of Civil Procedure Section 170.3(c)(6), I request that this Court order an evidentiary hearing on the concurrent motion to disqualify Judge Robinson in this case. An evidentiary hearing allowing examination of witnesses and evidence is necessary to establish a complete factual record in support of disqualification and serve the interests of justice. Respondent contends that good cause exists to grant an evidentiary hearing given the facts indicating bias and partiality alleged in the motion to disqualify. Respondent therefore asks that this request for an evidentiary hearing on the 170.3 recusal motion be granted so I may fully present testimony and evidence for proper consideration of the merits. Respondent stands ready to participate and present witnesses and proof substantiating the matters asserted as grounds for judicial disqualification if the Court grants this request for an evidentiary hearing.

This entire legal fiasco stems from Dave Schulman and Patti Ratekin trying to defraud a pro se litigant and anyone who looks at the evidence knows this simple truth. Currently, Judge Robinson will not cure this runaway train of manifest injustice. The number of clear reversable errors and fraud upon the court will undoubtable be overturned at the 9th circuit at some point and I am simply exhausting my state remedies at this point.

I am a dedicated loving father. I have had all my parental rights and retirement account taken from me. How is that justice or fair in any universe? This is malicious retaliation of a whistleblower and Judge Robinson fails to do anything about it. Two Judges; 3 FCS reports, and 2 children's interviews had child custody at 50/50 for almost two years. Ratekin, comes in on day one within five minutes and wants to put my son in a "facility" for profit, divorce leverage and cronyism. Ratekins supervising judge's wife works with and is friends with my x wife and Ratekin brazenly denies my valid peremptory challenge. Dave Schulman (opposing counsel) and Schuck (x wife) fall right in line with this "facility" narrative that was pure insanity that has never been brought up and mountains of evidence indicate otherwise. I generally indicate to the court that a "facility" is never going to happen and provide evidence from teachers, counselors, Vice Principal's and people that

have known my son his whole life that goes ignored by Ratekin. Schuck is arrested for domestic violence against me and my son. Ratekin continues to ignore it all and brings in minor counsel to rubber stamp her facility narrative and they do just that. Schulman "recommends" a child psychologist that is out of insurance network and works across the street from him and he falls in line with this "facility" narrative. I provide evidence and try to provide more evidence that this narrative is incorrect, so Ratekin takes all my legal parental rights away so I am stopped in my tracks from simply getting doctors and therapists involved to prove my case that goes against her "facility" narrative. This RICO crew's actions give me a massive heart attack and on the day Ratekin recuses finally, she throws in a sucker punch of "supervised visitation" of me with my kids only based on a witness affidavit that witnessed fraud of the hired gun child psychologist. Not sure how Ratekin went from a witness reporting fraud to the court getting me supervised visitation but that was how desperate Ratekin and Schulman were at trying to burn me for profit, divorce leverage and cronyism and for calling out their corrupt and unethical ways.

**While this is not even a complete list of Ratekins violations, lets list a few:**

**Commissioner Ratekin;**

1. Stated intent to remove my son to residential care without evidence, violating due process rights under Troxel v. Granville.
2. Denied my properly filed CCP §170.6 peremptory challenge, contravening Local Rule 2.1.18; CA state rule Rule 2.831(c) and due process per Catchpole v. Brannon.
3. Acted as an unauthorized temporary judge barred by California Rules of Court, rule 2.818(c)(3), making orders void under Fewel v. Fewel.
4. Terminated my parental rights without proof of unfitness, violating due process as established in In re B.G.
5. Ignored my child's affidavits, witness statements, domestic violence arrests, psychological evaluations and pleas to the court, disregarding her duty of fairness under California Code of Judicial Ethics.
6. Exhibited clear bias and prevented questioning of witnesses contrary to confrontation rights under Davis v. Alaska.
7. Denied and or ignored all requests for an evidentiary hearing.

Then, Judge Alkne comes in and sees the mess that Ratekin and Schulman are in so she railroads through a trial and four hearings within a month shortly after I almost died of a heart attack that team RICO Ratekin caused and ignores my motion for a brief continuance and does not even allow me, my evidence or my witnesses into my own trial and hearings by remote. This was COVID time and everyone got remote access anyways. Alknse had a tantrum because my then 15 year old son was still living with me and I refused to turn him

over to continue to be abused by these vultures. I had legal necessity to protect my son under PC 278.7 and I had reached out to all the proper authorities and was operating within the law.

**Not an encompassing list, but let's look at a few of Alknse's violations:**

1. Ignored motions to disqualify and set aside Ratekin's orders, violating supervisory duties under CCP 128(a)(8) and 170.1.
2. Denied me access to hearings and trial after my heart attack, infringing due process rights under Goldberg v. Kelly.
3. Entered improper default judgment during my medical incapacitation contrary to fair hearing rights under Peralta v. Heights Medical Center.
4. Refused remote appearances and continuance despite ADA coordinator recommendations and California Rule of Court 3.1332 on accommodations.
5. Railroaded 4 hearings and a trial inside one month after my heart attack, disregarding Rule 3.1332 on continuances for medical reasons.
6. Denied and or ignored all requests for an evidentiary hearing.

Currenlty, Judge Robinson has the case and has and is refusing to correct this manifest injustice that amounts to a "farce and a sham". (State v. Cahill, 218 N.W.2d 907 (Iowa 1974)).

**While not an encompassing list, lets review some of Judge Robinsons violations:**

1. Most recently, denied my simple ADA disability request accompanied by a doctor's letter that clearly qualified under ADA and Cal Rules of Court, rule 1.1.
2. Ignoring the misconduct by Commissioner Ratekin and Judge Alksne.
3. Improperly claimed lack of jurisdiction for over a year to avoid addressing my default challenge, violating the duty to hear jurisdictional matters under Mowrer v. Superior Court.
4. Then asserted jurisdiction only after I was jailed pursuant to the default, precluding me from contesting it contrary to due process rights established in Nelson v. City of Irvine.
5. Delayed ruling on the default judgment's validity until after criminal proceedings conclude, violating the separation of powers under People v. Superior Court (On Tai Ho).

6. Refused to promptly hear the matter despite ongoing irreparable harm from losing custody rights recognized under California Rules of Court 3.1312(c) and Rodriguez v. Superior Court. Indicated that my son having a mental crisis and begging to come home is "not an ex parte matter".
7. Obstructed access to justice by contradicting jurisdiction stances and delaying hearings contrary to Smith v. Lewis.
8. Misapplied CCP 473(b) regarding my amended RFO's timeliness. I filed an original timely RFO under 473(b) on July 20, 2022 challenging the default judgments. An amended RFO filed on August 15, 2022 supplemented the facts but did not alter my original claims. Despite legal principles that amended pleadings relate back under CCP 471.5, Judge Robinson improperly relied solely on the amended RFO's filing date to deny relief as untimely under 473(b). But my original July 20, 2022 RFO was filed within 6 months of the January 2022 default and should have been considered on the merits. This misapplication of the relation back doctrine and CCP 473(b) timeliness requirements warrants reconsideration or appellate review.
9. These actions by Judge Robinson, in light of the prior misconduct by Ratekin and Alksne, demonstrate a clear pattern of bias, abuse of discretion, and disregard for due process. The failure to address and rectify the previous violations, and instead compound them with further improprieties, creates an undeniable appearance of bias requiring recusal under CCP 170.1.
10. Denied and or ignored all requests for an evidentiary hearing.

Judge Robinson's inability to be impartial and address the glaring due process violations has resulted in actual bias and a probability of unfairness, making disqualification necessary to ensure the integrity and fairness of the proceedings (CCP 170.1(a)(6)(A)(iii)).

The lack of impartiality is further established by the denial of motions and delay in hearing issues properly before the court. Failure to respect procedural requirements, consider substantive motions, provide prompt access to justice, and rectify prior judicial misconduct exhibits prejudice and embroilment (CCP 170.1(a)(6)(B); 170.3(c)(1)).

Accordingly, immediate recusal and transfer to an impartial judge is imperative to remedy these egregious due process violations and restore the appearance of justice, as required by CCP 170.1 and 170.3. The constitutional right to an unbiased judiciary demands nothing less.

As stated in Tumey v. Ohio, proceedings before a biased judge are "constitutionally unacceptable" and mere likelihood of bias is intolerable under the Due Process Clause.

The conduct and rulings of Ratekin, Alksne, and now Robinson demonstrate actual and probable bias necessitating disqualification.

I have raised these issues by written verified statement as obligated under CCP 170.3. The Court now has a duty to refer the matter to an independent judge for a determination. Failure to do so would further compromise due process and public trust.

Conclusion

When the judicial system is used to improperly punish and deprive liberty rather than safeguard rights, it turns the courts into instruments of oppression. I should not be subjected to a sham through procedural contrivances.

Orders with a lack of due process are voidable, as affirmed in cases like Mesarosh v. United States, 352 U.S. 1 (1956). I respectfully demand an end to this charade masquerading as justice.

Standards and Procedures for Recusal under CCP Section 170.3

Given the objections and concerns raised regarding the court's conduct compromising due process in this case, I request recusal under the standards and procedures set forth in California Code of Civil Procedure Section 170.3.

This statute provides that a judge shall be disqualified if:

1. The judge believes recusal would further the interests of justice (CCP 170.3(a)(1))
2. The judge believes there is a substantial doubt as to his or her capacity to be impartial (CCP 170.3(a)(6)(A)(iii))
3. A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial (CCP 170.3(a)(6)(A)(iii))

Where a motion for disqualification under 170.3 is filed, the judge must provide a written verified response indicating whether recusal is deemed warranted. The motion shall then be heard by another judge agreed upon by the parties or appointed by the presiding judge.

Here, recusal appears necessary and appropriate given the factors under 170.3. I request the court file the requisite verified statement on recusal so the matter may be properly heard by an independent arbiter. This process is imperative for public confidence in the impartiality and integrity of these proceedings.

Farce and a Sham, Notice of No Confidence

Judge Robinson, I have come to the difficult conclusion that these proceedings have devolved into an unlawful farce and sham necessitating your recusal.

Despite good faith efforts to raise objections properly, you have disregarded governing authorities requiring due process and a fair hearing. No person aware of the facts could view these proceedings as impartial or fair.

When a judge compromises the integrity of proceedings through sustained denial of rights, California precedent mandates recusal and intervention to halt irreparable harm. See People v. Carlucci, 23 Cal. 3d 249 (1979).

I understand you may tell me the recusal request is procedurally improper and react negatively to being challenged. However, respectfully, your actions have necessitated this objection. My ethical responsibility is to speak up against manifest injustice and demand adherence to constitutional rights.

While uncomfortable, objecting to an unfair process should not be punished. It is intended to uphold the law, not undermine it. I will continue to cite authorities you are bound by in the hope justice ultimately prevails over impropriety. The legitimacy of any legal system depends on protecting rights and ensuring fairness, even when inconvenient.

Therefore, with all due respect, I formally give notice of no confidence in further proceedings absent your recusal. I did not come to this conclusion lightly. But at this juncture, recusal appears necessary to restore integrity, propriety, and basic fairness. I hope we can move forward positively to achieve justice based on law, not its subversion.

VERIFICATION

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they purport to be. Dated 05/28/24

*Rob Emert*

Rob Emert

2351 Vista Lago Terrace

Escondido California 92029

robemert@msn.com

(760) 612-9328

ELECTRONIC SERVICE

I, Glenda Emert certify that on 05/29/24, I served: Notice of recusal of Judge Robinson by email to: dschulman@msmfamilylaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 05/28/24

*glenda emert*

Glenda Emert