ROBERT EMERT
Respondent, In Pro Per
2351 VISTA LAGO TERRACE
ESCONDIDO, CA 92029
TELEPHONE: 760-612-9328
robemert@msn.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Robert Emert

    Plaintiff,

v.

SAN DIEGO BOARD OF SUPERVISORS, et al.,

    Defendants.

Case No. 3:24-cv-00671-JO-BJC

MOTION FOR MANDATORY JURISDICTIONAL ADJUDICATION UNDER FRCP 12(h)(3) AND DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 PRIOR TO CONSIDERING MOTION TO DISMISS, WITH HEARING REQUESTED

Hearing Date: TBD
Time: TBD
Department: 4C
Judge: Hon. Jinsook Ohta

# 1. Introduction

Plaintiff Robert Emert, pro se, asserts this Court's unequivocal responsibility, as required by FRCP 12(h)(3) and Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998), to rule immediately on whether Commissioner Patti Ratekin lost jurisdiction on February 9, 2021, due to her invalid denial of Plaintiff's timely CCP § 170.6 peremptory challenge (Exhibit A). The court transcript (Exhibit B) confirms no orders were issued and no arguments heard prior to the challenge, establishing its validity under California law. This presents a pure question of law requiring no factual development beyond Exhibits A and B. This Court must rule on this defect, which can be raised at any time (Arbaugh v. Y&H Corp., 546 U.S. 500 (2006)), before addressing defendants' Motion to Dismiss (filed Jan. 13, 2025) (Steel Co., 523 U.S. at 94-95; Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999)). The defect controls jurisdiction over Plaintiff's § 1983 claim. Plaintiff requests a hearing and declaratory relief under 28 U.S.C. § 2201. His STEMI heart attack (Dec. 10, 2024) tolls deadlines, and he awaits a ruling on his First Amended Complaint (FAC) motion (filed Feb. 10, 2025).

## 2. Procedural Background

**April 12, 2024:** Complaint filed.

**Dec. 10, 2024:** Plaintiff suffered a STEMI heart attack.

**Jan. 13, 2025:** Defendants filed Motion to Dismiss.

**Feb. 12, 2025:** Court extended opposition to March 6, 2025, as an ADA accommodation (42 U.S.C. § 12132) due to Plaintiff's disabling STEMI heart attack; FAC "under submission."

**March 13, 2025:** Current date; FAC ruling pending.

## 3. Factual Background

**Feb. 9, 2021:** Plaintiff filed a timely § 170.6 peremptory challenge against Ratekin

(Complaint p. 16, Exhibit A). The court transcript (Exhibit B) proves no orders were issued or arguments heard prior, making the challenge valid. Ratekin denied it, stripping her jurisdiction over subsequent proceedings. This legal battle caused Plaintiff's STEMI heart attacks (Sept. 29, 2021, and Dec. 10, 2024) and irreparable harm as a stay-at-home dad separated from his children.

## 4. Legal Authority

**FRCP 12(h)(3):** "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**Jurisdictional Duty:** Defects can be raised anytime; courts must rule (Arbaugh, 546 U.S. at 514; Steel Co., 523 U.S. at 94-95).

**28 U.S.C. § 2201:** Authorizes declaratory relief in actual controversies.

**28 U.S.C. § 1331:** Grants jurisdiction over § 1983 claims.

**42 U.S.C. § 1983:** Protects against constitutional violations under state law.

**Federal Review:** *State orders issued without jurisdiction are reviewable. Rooker-Feldman does not bar review of such orders, which are void ab initio and exempt from preclusion. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004); United Student Aid Funds v. Espinosa, 559 U.S. 260, 271 (2010).*

**California Law:** Improper § 170.6 denial strips jurisdiction (People v. Superior Court (Lavi), 4 Cal.4th 1164, 1171 (1992)).

## 5. Argument

### A. FRCP 12(h)(3) Requires a Ruling on the Jurisdictional Defect

This Court must rule on whether Ratekin lost jurisdiction on Feb. 9, 2021, due to

her invalid denial of a valid § 170.6 challenge (Exhibit A). Exhibit B proves its timeliness and validity. FRCP 12(h)(3) mandates a determination "at any time" (Arbaugh, 546 U.S. at 514), before merits (Steel Co., 523 U.S. at 94-95). Ratekin's refusal stripped her jurisdiction (Lavi, 4 Cal.4th at 1172), affecting subsequent proceedings and defining this Court's authority under 28 U.S.C. §§ 1331 and 1343 (Espinosa, 559 U.S. at 271; Kougasian, 359 F.3d at 1140). This is a pure question of law based on Exhibits A and B, preceding defendants' dismissal arguments.

**B. Declaratory Relief and Hearing Under 28 U.S.C. § 2201**

Plaintiff seeks a declaration under 28 U.S.C. § 2201 that Ratekin lacked jurisdiction after Feb. 9, 2021, based on Exhibit A and B, with a hearing to confirm.

**C. Equity and Timing**

Plaintiff's STEMI heart attacks (Sept. 29, 2021, and Dec. 10, 2024), a disability under the ADA (42 U.S.C. § 12102), tolled the March 6 opposition deadline (Holland v. Florida, 560 U.S. 631 (2010)). As a pro se litigant with a continuing disability, he requests an ADA accommodation (42 U.S.C. § 12132) for late opposition or FAC inclusion (Haines v. Kerner, 404 U.S. 519 (1972)).

## 6. Relief Requested

1. Rule, as required by FRCP 12(h)(3), and declare under 28 U.S.C. § 2201, that Ratekin lost jurisdiction on Feb. 9, 2021, based on Exhibit A and B, with a hearing.

2. Hold defendants' Motion to Dismiss in abeyance pending this ruling.

3. If jurisdiction is confirmed lost, Plaintiff requests leave to file an ex parte TRO under FRCP 65(b).

4. Accept late opposition nunc pro tunc as an ADA accommodation (42 U.S.C. § 12132), or allow dismissal arguments in the FAC.

## 7. Conclusion

Plaintiff has suffered irreparable harm from Ratekin's invalid § 170.6 denial on Feb. 9, 2021, stripping her jurisdiction. This caused two STEMI heart attacks, 90 days' detention, and separation from his children as a stay-at-home dad. This Court's intervention is demanded by precedent and equity. Refusal to act would warrant scrutiny by the House Judiciary Committee and DOJ Civil Rights Division.

Exhibit C confirms no narrative can salvage Ratekin's jurisdiction. This Court must remedy this by ruling on the defect evidenced by Exhibits A and B.

**Declaration of Robert Emert**

I, Robert Emert, declare under penalty of perjury under 28 U.S.C. § 1746: On Feb. 9, 2021, I filed a valid § 170.6 challenge against Ratekin (Exhibit A); Exhibit B confirms no prior orders or arguments. Her denial caused this legal battle, triggering STEMI heart attacks on Sept. 29, 2021, and Dec. 10, 2024, impairing my response by March 6, 2025. I await an FAC ruling. Executed March 13, 2025, at Escondido, CA.

**Attachments:** *[signed 3/14/25]*

- Exhibit A: CCP § 170.6 Challenge, Filed Feb. 9, 2021
- Exhibit B: Transcript, Feb. 9, 2021 Hearing
- Exhibit C: Supplemental Citations Under CivLR 7.1(h)(1)

**Proof of Service**

I, Robert Emert, declare that on March 13, 2025, I served the foregoing Motion for Mandatory Jurisdictional Adjudication Under FRCP 12(h)(3) and Declaratory Judgment Under 28 U.S.C. § 2201, with attached Exhibits A, B, and C, on all parties by electronic mail pursuant to FRCP 5(b)(2)(E) and CivLR 5.4, to the following:

Austin Uhler
Counsel for Defendants
Austin.Uhler@sdcounty.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 13, 2025, at Escondido, CA.

Robert Emert

*[signature]* 3/14/25