# Exhibit C: Supplemental Citations Under CivLR 7.1(h)(1)

**EXHIBIT C: SUPPLEMENTAL CITATIONS UNDER CIVLR 7.1(h)(1)**

Under Southern District of California Local Rule 7.1(h)(1), Plaintiff submits these supplemental citations to decimate any narrative that Commissioner Patti Ratekin had jurisdiction after my proper CCP § 170.6 peremptory challenge on February 9, 2021 (Exhibit A). The February 4, 2021 transcript (Exhibit B) confirms no orders were issued or substantive arguments heard—Ratekin trailed the case, unprepared (Exhibit B, p. 15)—rendering my challenge valid and her denial void. Compounding this, Exhibit B and related facts expose concerning issues predating Feb. 9: (1) Ratekin claimed to read the file "last night" (Exhibit B, p. 3) before her same-day assignment per the register of actions, suggesting improper access or predetermination; (2) she pushed a "24-hour school" for my son (Exhibit B, p. 12) with zero evidence, showing bias; (3) Ratekin and opposing counsel David Schulman knew her supervising judge's wife was friends with my ex-wife, Andrea Emert, a conflict I later discovered; (4) the next supervising judge was a founding member of Schulman's law firm, a fact both were aware of. These authorities reinforce the jurisdictional defect in Plaintiff's Motion for Mandatory Jurisdictional Adjudication Under FRCP 12(h)(3).

People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) and Estate of Eskra, 51 Cal.3d 943 (1991) establish that improper denial of a CCP § 170.6 challenge renders all subsequent orders void ab initio. Any reliance on the February 4, 2021, verbal stipulation is legally irrelevant under controlling precedent. As held in Stephens v. Superior Court, 30 Cal.4th 1082 (2002), a peremptory challenge may be filed any time before substantive rulings. In re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986) specifically holds that initial agreement to a commissioner's authority is nullified by subsequent proper challenge where no substantive proceedings occurred.

California Rules of Court, rule 2.831(b) mandates written stipulation and judicial signature for temporary judge status. Rule 2.834(b)(3) categorically prohibits commissioners from acting as temporary judges with self-represented litigants absent specific written requirements. These mandatory protections cannot be waived by verbal stipulation.

This jurisdictional defect infects all related cases. What began as a straightforward custody matter has expanded into multiple proceedings due to systematic denial of basic due process—specifically, the right to an evidentiary hearing denied for over four years across multiple courts.

The law is unambiguous: Commissioner Ratekin's orders are void ab initio, requiring all derivative proceedings be unwound to February 4, 2021, status.

***Federal authority confirms this Court's duty and jurisdiction to act: FRCP 12(h)(3) mandates adjudication "at any time" a jurisdictional defect is raised, empowering district courts to clarify and cure void state judgments. United Student Aid Funds v. Espinosa, 559 U.S. 260, 271 (2010); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). This Court must resolve Ratekin's jurisdictional defect.***