ROBERT EMERT
Respondent, In Pro Per
2351 VISTA LAGO TERRACE
ESCONDIDO, CA 92029
TELEPHONE: 760-612-9328
robemert@msn.com

FILED
JUN 10 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Robert Emert

    Plaintiff,

v.

San Diego Board of Supervisors

County of San Diego

DDA Dawn Balerio

DAI Luis Pena

    Defendants.

Case No.: 3:24-cv-00671-JO-MSB

# NOTICE OF APPEAL

Hearing Date: TBD
Time: TBD
Department: TBD
Judge: Hon. Jinsook Ohta

## Contents

NOTICE OF APPEAL .................................................................................................... 3

THRESHOLD STATEMENT: THE FUNDAMENTAL INJUSTICE ........................................ 3

PRELIMINARY STATEMENT ON THE GROUNDS FOR APPEAL AND THE NATURE OF THE ERRONEOUS PROCEEDINGS ....................................................................................... 4

Fundamental Mischaracterization and Improper Consolidation of Constitutional Claims: .. 4

Misapplication of Manuel v. City of Joliet: ..................................................................... 4

Improper and Overbroad Application of the "Favorable Termination" Requirement: ........... 5

Misapplication of McDonough v. Smith: ......................................................................... 5

Disregard for Supreme Court and Ninth Circuit Precedent on § 1983 Claims Surviving Guilty Pleas: ............................................................................................................................. 6

Misinterpretation of Heck v. Humphrey: ......................................................................... 6

Circuit Court Inconsistency Demonstrates Need for Ninth Circuit Review: ....................... 7

Failure to Address Critical and Potentially Dispositive Arguments: ................................... 7

Procedural Defects: ........................................................................................................ 8

The Documented Evidence of Systematic Constitutional Violations: ................................ 8

Comprehensive Municipal Notice Timeline: .................................................................... 9

Jurisdictional Defect Documentation: ............................................................................. 9

Brady Violation Evidence: ............................................................................................. 10

This Case Represents More Than Individual Injustice: ................................................... 10

Anticipated Obstruction of In Forma Pauperis Appeal Rights: ........................................ 10

Pervasive Concerns Regarding Local Judicial Impartiality: ............................................. 11

Notice to Federal Oversight Agencies: ......................................................................... 11

Conclusion: ................................................................................................................. 11

PROOF OF SERVICE .................................................................................................. 13

# NOTICE OF APPEAL

Notice is hereby given that Robert Emert, Plaintiff/Appellant in the above-named case, proceeding pro se and pursuant to a previously granted fee waiver, hereby appeals to the United States Court of Appeals for the Ninth Circuit from:

The Minute Order by Judge Jinsook Ohta granting Defendants' motion to dismiss and dismissing the case with prejudice, entered in this action on May 14, 2025.

The Clerk's Judgment entered pursuant to the aforementioned Minute Order, also entered in this action on May 14, 2025.

This Notice of Appeal is being filed within the time allowed by Federal Rule of Appellate Procedure 4(a)(1)(A). The order and judgment being appealed were entered on May 14, 2025.

Appellant intends to appeal all aspects of the Minute Order granting Defendants' motion to dismiss and the subsequent Clerk's Judgment dismissing the case with prejudice.

# THRESHOLD STATEMENT: THE FUNDAMENTAL INJUSTICE

Before addressing the procedural aspects of this appeal, the Court must understand the core injustice that underlies this entire proceeding: Appellant is factually innocent of the charges to which he was coerced into pleading guilty, as conclusively established by mountains of evidence that both the District Attorney's office and the District Court have systematically refused to examine. This factual innocence is not a matter of opinion or legal interpretation—it is explicitly confirmed by the District Attorney's own investigator, Luis Pena, who stated on recorded calls that "if this goes to trial, you'll probably win," "the DA should never have taken this case," and "why are we even involved in this case?" Yet despite this recorded acknowledgment of innocence by their own personnel, the prosecution proceeded to fabricate evidence, withhold exculpatory material, and coerce a guilty plea through 90 days of unlawful pretrial detention. The District Court's subsequent dismissal of constitutional claims arising from this documented misconduct renders these proceedings nothing short of a farce and a sham.

# PRELIMINARY STATEMENT ON THE GROUNDS FOR APPEAL AND THE NATURE OF THE ERRONEOUS PROCEEDINGS

While a detailed exposition of the grounds for appeal will be presented to the United States Court of Appeals for the Ninth Circuit in Appellant's formal briefing, Appellant includes this preliminary statement to place on record the egregious nature of the errors committed by the District Court and the manifest injustice that has resulted from proceedings that can only be described, with full consideration of legal precedent regarding such terms, as a "farce and a sham."

The District Court's dismissal of this civil rights action, brought under 42 U.S.C. § 1983, was predicated upon a fundamental mischaracterization and misapplication of established constitutional law and binding precedent. The core errors justifying this appeal include, but are not limited to:

## Fundamental Mischaracterization and Improper Consolidation of Constitutional Claims:

The District Court erroneously reframed Appellant's multiple, distinct, and clearly pleaded constitutional claims (including violations of the Eighth Amendment's prohibition on excessive bail, the Fourteenth Amendment's guarantee of procedural due process in bail proceedings, and the First Amendment's protection against retaliation for whistleblowing) into a singular, inapplicable Fourth Amendment "malicious prosecution" framework. This misconstruction ignored the explicit allegations and the separate legal standards applicable to each distinct constitutional injury alleged.

## Misapplication of Manuel v. City of Joliet:

While citing Manuel, the District Court failed to apply its core holding that pretrial detention based on fabricated evidence constitutes an independent Fourth Amendment violation, separate from any malicious prosecution theory. The Court improperly pivoted to a malicious prosecution analysis, ignoring the actionable constitutional injury of the unlawful detention itself.

The Supreme Court's decision in Manuel v. City of Joliet provides even stronger support for Appellant's claims than the District Court recognized. The Seventh Circuit, following

Supreme Court guidance, held that "when a wrong is ongoing rather than discrete, the limitations period does not commence until the wrong ends" and that "a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity."

Critically, the Seventh Circuit clarified that "Fourth Amendment malicious prosecution is the wrong characterization of Manuel's case; the problem is wrongful custody." This distinction applies directly to Appellant's case, where the constitutional violation was the 90-day detention based on fabricated threat allegations, not traditional malicious prosecution.

## Improper and Overbroad Application of the "Favorable Termination" Requirement:

The District Court erroneously applied the "favorable termination" requirement from Thompson v. Clark (a standard specific to malicious prosecution claims) to dismiss all of Appellant's claims. This was a critical legal error, as "favorable termination" is not a required element for Eighth Amendment excessive bail claims, procedural due process violations in bail proceedings, First Amendment retaliation claims, or Fourth Amendment claims under Manuel targeting the unconstitutionality of pretrial detention itself.

The Court also ignored the nuances of McDonough v. Smith, which leaves open the viability of fabricated evidence claims targeting pretrial detention irrespective of the ultimate case outcome.

## Misapplication of McDonough v. Smith:

The Supreme Court's analysis in McDonough v. Smith, 139 S. Ct. 2149 (2019) is directly applicable to Appellant's case in multiple ways that the District Court failed to consider:

McDonough establishes that fabricated evidence claims focus on "the integrity of a criminal prosecution" being compromised, regardless of the ultimate outcome. The Court held that because "a successful Section 1983 claim would 'necessarily imply' the invalidity of the criminal proceedings," the claim examines the validity of the process itself, not the conviction's legitimacy.

The McDonough Court emphasized practical considerations, noting that "forcing criminal defendants to sue while their prosecutions are still ongoing would impose on them 'an untenable choice' between letting their claims expire and 'filing a civil suit against the very

person who is in the midst of prosecuting them.'" This same logic applies to cases like Appellant's where the fabricated evidence concerns pretrial detention decisions rather than trial evidence.

## Disregard for Supreme Court and Ninth Circuit Precedent on § 1983 Claims Surviving Guilty Pleas:

The District Court's order completely ignored binding precedent, including Haring v. Prosise, Lockett v. Ericson, and Weilburg v. Shapiro, which unequivocally establish that certain § 1983 claims for constitutional violations occurring prior to a guilty plea (such as those related to bail and pretrial detention based on separately fabricated evidence) are not automatically barred by that plea, especially when success on such claims would not necessarily invalidate the underlying conviction.

The Supreme Court's unanimous decision in Haring v. Prosise, 462 U.S. 306 (1983) directly contradicts the District Court's overly broad application of guilty plea preclusion. The Court unequivocally held that "a defendant's decision to plead guilty may have any number of other motivations" unrelated to the legality of prior government conduct, and that "the justifications for denying habeas review of Fourth Amendment claims following a guilty plea are inapplicable to an action under § 1983."

The Court specifically noted that "Prosise's decision not to exercise his right to stand trial cannot be regarded as a concession of any kind that a Fourth Amendment evidentiary challenge would fail," and rejected the notion that pleading guilty constitutes a "waiver" of antecedent constitutional violations.

## Misinterpretation of Heck v. Humphrey:

The District Court's dismissal effectively, yet erroneously, applied Heck v. Humphrey. Success on Appellant's claims (that his bail was excessive due to fabricated threats, that his due process rights were violated in bail proceedings, and that these actions were retaliatory) would not necessarily imply the invalidity of his conviction for child abduction, as the "threat" allegation used to deny bail was never an element of the child abduction charge to which he pled.

## Circuit Court Inconsistency Demonstrates Need for Ninth Circuit Review:

The District Court's dismissal reflects broader confusion among lower courts regarding the scope of constitutional claims that survive guilty pleas. While Haring v. Prosise established that § 1983 claims for antecedent constitutional violations are not automatically barred by guilty pleas, and McDonough v. Smith confirmed that fabricated evidence claims focus on process integrity rather than conviction validity, lower courts continue to apply overly broad preclusion rules.

This case presents an ideal vehicle for the Ninth Circuit to clarify that:

Pretrial detention based on fabricated evidence constitutes an independent constitutional injury

The "favorable termination" requirement applies only to malicious prosecution claims, not all § 1983 claims

Guilty pleas do not categorically bar claims challenging the constitutional basis for pretrial detention decisions

## Failure to Address Critical and Potentially Dispositive Arguments:

**Jurisdictional Defect:** The District Court utterly failed to address Appellant's extensively argued claim that the underlying family court orders (forming the basis of the child abduction charge) were void ab initio due to the improper denial of a CCP § 170.6 peremptory challenge against Commissioner Patti Ratekin. This threshold jurisdictional argument, if meritorious, would collapse the entire basis for the prosecution and detention.

**Brady Violations in Bail Context:** The Court failed to analyze the independent constitutional significance (under due process) of alleged Brady violations---specifically, the withholding of exculpatory evidence (DAI Pena's recorded admissions, Bryce Emert's interview, the full FBI call context, FBI findings) directly relevant to the bail determination and the lawfulness of the 90-day "no bail" detention.

**Premature Dismissal of Monell Claims:**

The Monell claims against the municipal defendants were dismissed solely as a derivative of the flawed dismissal of the individual claims. The Court never substantively analyzed Appellant's allegations of municipal policy, custom, deliberate indifference (despite direct notice to the Board of Supervisors with specific evidence, including recordings and explicit Monell notifications), or final policymaker liability.

Appellant's Monell claims are particularly strong under Ninth Circuit precedent in Gibson v. County of Washoe, 290 F.3d 1175 (9th Circuit 2002), which held that municipal liability attaches when "the local government entity fails to act in circumstances in which the need for action is so obvious that the failure to act amounts to deliberate indifference."

Appellant's case presents an extraordinary 22-month timeline of specific, documented notice to the Board of Supervisors (January 2022 through August 2023), including:

Explicit "MONELL CLAIM (436 U.S. 658)" notifications

Direct audio evidence of prosecutorial admissions

Formal Penal Code 1424 petitions with recorded evidence

Continuous warnings of constitutional violations

This extensive notice record far exceeds typical Monell cases and demonstrates the "obvious need for action" required under Gibson.

## Procedural Defects:

The District Court failed to construe Appellant's pro se pleadings liberally as required by Erickson v. Pardus. Furthermore, the denial of leave to amend was an abuse of discretion, as it was based on the erroneous legal conclusion that the guilty plea constituted an absolute bar to all claims, rendering amendment futile---a conclusion that is incorrect given the distinct nature of the constitutional violations alleged. The dismissal without an evidentiary hearing on critical disputed facts, such as the content and implications of DAI Pena's recorded statements (which were actively disputed by Defendants), further compounded the injustice.

## The Documented Evidence of Systematic Constitutional Violations:

This case is distinguished by extraordinary documentary evidence that most civil rights cases lack. Appellant possesses:

Recorded Admissions by District Attorney Personnel: Audio recordings of District Attorney Investigator Luis Pena containing numerous explicit admissions including:

"Look, if this goes to trial, you'll probably win."

"The DA should not have ever taken this case"

"I'm like, why are we even involved in this case? I'm like, we don't take anything over 14.... you're homeschooling him, right?"

"Well, just finish the damn warrant and don't worry about it.... the attorneys are pressuring to file criminal charges"

"we're like too deep in it now and the attorneys are pressuring to file charges criminal charges"

These recorded statements directly contradict DAI Pena's sworn statements in the arrest warrant affidavit and establish that the prosecution was pursued despite internal acknowledgment that no legitimate case existed.

## Comprehensive Municipal Notice Timeline:

Formal communications to the San Diego County Board of Supervisors spanning January 2022 through August 2023—a full 22 months—explicitly warning of constitutional violations and specifically invoking Monell liability, including:

January 14, 2022: "CORRUPTION IN THE PRESIDING JUDGES OFFICE OF SAN DIEGO"

January 23, 2022: "MONELL CLAIM (436 U.S. 658) AGAINST CITY OF SAN DIEGO"

December 12, 2022: "NOTICE OF FAILURE TO ACT"

July 18, 2023: Direct links to audio recordings of prosecutorial admissions

August 12, 2023: Formal Penal Code 1424 petition with recorded evidence

## Jurisdictional Defect Documentation:

Court records establishing that Commissioner Patti Ratekin improperly denied Appellant's valid and timely CCP § 170.6 peremptory challenge, rendering all subsequent custody orders void ab initio under People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993).

## Brady Violation Evidence:

Recordings of withheld exculpatory interviews and evidence, including DDA Balerio's February 2023 interview with Appellant's son explicitly supporting Appellant's defense, which was deliberately concealed during the 90-day pretrial detention.

## This Case Represents More Than Individual Injustice:

This appeal raises fundamental questions about the integrity of our justice system when prosecutors can:

- Fabricate evidence to secure pretrial detention
- Withhold exculpatory evidence for 90 days
- Openly admit cases lack merit yet proceed due to external pressure
- Operate without meaningful oversight despite explicit municipal notice

The District Court's dismissal effectively immunizes such conduct from federal review, undermining the core purpose of § 1983 as a remedy for constitutional violations. The Ninth Circuit's review is essential not only for Appellant's vindication but to preserve the availability of federal courts as a forum for constitutional claims, particularly for pro se litigants challenging powerful local entities.

Without reversal, the District Court's reasoning would create a precedent allowing prosecutors to fabricate evidence for pretrial detention decisions with impunity, knowing that any resulting guilty plea—however coerced—would shield them from federal civil rights liability. This cannot be the law.

## Anticipated Obstruction of In Forma Pauperis Appeal Rights:

Appellant, proceeding in forma pauperis, anticipates that the District Court, having dismissed this meritorious action with prejudice, may attempt to obstruct a meaningful appeal by issuing an adverse certification under 28 U.S.C. § 1915(a)(3) that this appeal is not taken in "good faith." Such a certification, if issued, would itself be erroneous given the substantial, non-frivolous legal and factual grounds for appeal detailed herein and to be further expounded before the Ninth Circuit.

This pattern of District Court action, potentially leading to the revocation of fee waivers by the Circuit Court based on a cursory review influenced by an already biased lower court, is

a known tactic that effectively denies due process and access to justice for pro se litigants with legitimate grievances against powerful local entities.

## Pervasive Concerns Regarding Local Judicial Impartiality:

The aforementioned errors and the overall handling of this case occur within a local judicial and prosecutorial environment in San Diego where close personal and professional relationships between high-ranking officials in the District Attorney's office and the federal judiciary (including past leadership roles where the head of the San Diego District Attorney's office was married to a judge, formerly the Chief Judge, of this very District Court) create a palpable appearance of impropriety and raise legitimate, grave concerns about the possibility of obtaining impartial justice. This context further underscores why Appellant feels these proceedings have been a "farce and a sham" and necessitates review by external bodies.

## Notice to Federal Oversight Agencies:

Please be advised that a copy of this Notice of Appeal, along with a comprehensive summary of these erroneous proceedings, the aforementioned concerns, and supporting documentation, is being contemporaneously forwarded to the United States Department of Justice, Civil Rights Division, and the Federal Bureau of Investigation, National Headquarters Public Corruption Unit, for their review of the systemic issues and potential official misconduct evidenced herein.

## Conclusion:

These proceedings, from the actions of the prosecutorial team to the District Court's subsequent dismissal, have subjected Appellant to a continuing ordeal that fundamentally undermines faith in the justice system. Appellant has been systematically denied the opportunity to present clear and compelling evidence of constitutional violations and official misconduct. This appeal is taken to seek redress for these profound errors and the substantial harm they have caused.

The extraordinary evidence in Appellant's possession—including recorded admissions by DA personnel, comprehensive municipal notice documentation, and proof of jurisdictional defects—demonstrates constitutional violations of the highest magnitude. The systematic exclusion of this evidence by multiple courts in the San Diego jurisdiction raises legitimate concerns about institutional bias and protection of government actors.

Appellant intends to pursue this appeal vigorously and will provide a full and detailed briefing of these and other errors to the United States Court of Appeals for the Ninth Circuit.

Respectfully submitted,

Dated: 05/30/25

Robert Emert
Plaintiff/Appellant, Pro Se

# PROOF OF SERVICE

I, Robert Emert, declare:

On May 30, 2025, I served the following document(s) described as:

**NOTICE OF APPEAL**

I am a citizen of the United States and a resident of the State of California. My address is 2351 Vista Lago Terrace, Escondido, CA 92029. I am over the age of eighteen years. My email address is robemert@msn.com.

on the interested parties in this action by transmitting a true copy thereof via electronic mail to:

**Austin M. Uhler, Senior Deputy County Counsel**
Email: austin.uhler@sdcounty.ca.gov
Attorney for All Defendants:

- San Diego Board of Supervisors
- County of San Diego
- DDA Dawn Balerio (acting in official capacity)
- DAI Luis Pena (acting in official capacity)

Executed on May 30, 2025, at Escondido, California.

**Robert Emert**
Plaintiff/Appellant, Pro Se

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.